```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION at LEXINGTON
```

DANA BULLOCK,                       )
                                    )
    Plaintiff,                     )
                                    )   Civil Case No. 14-cv-313-JMH
v.                                  )
                                    )
AMERICAN FIDELITY ASSURANCE         )
COMPANY,                            )   **MEMORANDUM OPINION AND ORDER**
                                    )
    Defendant.                     )

                                  ***

This matter is before the Court upon Plaintiff's Motion to Remand to Powell Circuit Court [DE 6]. Defendant has filed a Response [DE 7], stating its objections to the Motion, and Plaintiff has filed a Reply [DE 8] in further support of its Motion.

**I.**

This case is a dispute over Defendant American Fidelity Assurance Company's (AFAC) termination of Plaintiff Dana Bullock's long-term disability insurance benefits. Bullock purchased a policy of insurance from AFAC to supplement her income in the event that she became unable to work in her profession as a speech language pathologist. Because Bullock was employed as by the Powell County public school system, a government entity, the policy is not covered by the Employee

Retirement Income Security Act. The claims made against AFAC all arise under Kentucky law.

Bullock brought this action in Powell Circuit Court, alleging claims for contractual benefits, interest, attorneys' fees, and extra-contractual damages for AFAC's bad faith and violations of Kentucky's Unfair Claims Settlement Practices Act and Consumer Protection Act, as well as for bad faith. Defendant removed the matter to this Court, stating that this Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Plaintiff now seeks remand to Powell Circuit Court, arguing that the amount in controversy asserted by Defendant is not supported by a preponderance of the evidence.

**II.**

A defendant may remove a civil action from state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. Original "diversity" jurisdiction lies in this Court over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Defendant's Notice of

Removal asserts that the parties in this matter are diverse and that the amount in controversy is greater than $75,000. In her Motion to Remand, however, Plaintiff argues that Defendant cannot establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that this matter should be remanded to Powell Circuit Court.

> As explained by another court in this district
>
>> A Court considers whether federal jurisdiction existed at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); Rogers [v. Wal-Mart Stores, Inc.], 230 F.3d [868,] 872 [(6th Cir. 2000)] (additional citations omitted). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 . . . (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F.Supp.2d 601, 602 (E.D. Ky.2002) (citations omitted).

*Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F.Supp.3d 775, 776 (E.D.Ky. 2014).

When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as in Kentucky, *see* Ky. R. Civ. P. 8.01(2) and 54.03, removal is appropriate if "the district court finds by the preponderance of the evidence that the amount in controversy

exceeds the amount specified in section 1332(a). *Id*. at 778 (*quoting* 28 U.S.C. § 1446(c)(2)(B); *citing MacKenzie v. GGNSC Stanford, LLC*, Civil Action No. 13-344-KSF, 2013 WL 6191853, at *2 (E.D. Ky. Nov. 26, 2013); *Proctor v. Swifty Oil Co., Inc.*, No. 3:12-cv-00490-TBR, 2012 WL 4593409, *2 (W.D.Ky. Oct 1, 2012)). Assuming that the defendant seeking removal can show by a preponderance of evidence that the amount in controversy exceeds the Court's jurisdictional minimum, the Court considers whether the plaintiff "effectively defeats the jurisdiction of this Court by unequivocally limiting damages below the jurisdictional threshold." *Id.* (citing *Jester v. Kenco Logistics Servs., LLC*, Civil Action No. 3:13-cv-385-S, 2013 WL 6072994 at *1 (W.D.Ky. Nov. 18., 2013)).

In her Complaint, Plaintiff claims that she qualifies for disability benefits under the policy's definition, which Defendant has failed to pay, and that the policy "provides benefits in the amount of $2,800" per month. [DE 1-2 at ¶¶ 7, 9.] In her Motion to Remand, Plaintiff states, by and through counsel, that "[t]he policy provides for monthly benefits of a maximum $2,800, subject to offsets if the claimant receives other sources of income. Because Bullock also receives disability retirement benefits through the Teachers' Retirement System of Kentucky, her monthly benefit from AFAC is $280." [DE 6 at 1.] She contends that, "[a]t the time the Notice of

Removal was filed, AFAC owed Bullock approximately $2,240 in past-due benefits" based on her calculation of $280/month, which accounts for the offset for other sources of income. [DE 6 at Page ID #46.]

AFAC argues that the Court should ignore the benefit amount that Bullock claims is actually payable and instead apply the maximum benefit amount under her insurance policy – $2,800 – which assumes that her claim is for the total amount of disability benefits available, absent offset, as provided for in the policy. This would require the Court to assume that an offset provision, which Plaintiff concedes is applicable, does not apply. The Court declines to do so. Nor, in this instance, does the Court find it meaningful that Plaintiff made this unequivocal statement by and through counsel in a motion rather than in a document entitled "Stipulation" or in a separate affidavit. AFAC cannot reasonably argue that Plaintiff is claiming more than she is due under the contract, particularly where she concedes that her recovery from AFAC is limited by other sources of income. Plaintiff is also bound by her counsel's assertions to the Court.[1] A document styled a

---

[1] Should discovery, once conducted, yield a different picture of this case, Defendant may remove the matter again. Of course, should that come to pass, Defendant would have an excellent argument in support of some form of sanctions against Plaintiff – perhaps measured by the amount of attorneys' fees, etc., in litigating this motion to remand and the preparation and filing of any subsequent removal documents. Further, counsel's statements concerning the factual contentions in this matter were made in light of Fed.

"stipulation" or a formal affidavit might be a better practice, but, in this case and on the papers before it, the Court is satisfied, particularly as Defendant has given the Court no reason to believe that a claim of more than $75,000 is in controversy by a preponderance of the evidence.  Similarly, the Court is not particularly troubled by the fact that Plaintiff did not provide a copy of the policy in question to support its Motion to Remand.  Defendant could just have easily provided a copy to demonstrate that no such provision existed, if that was the case, and to support its position by a preponderance of the evidence.

The Court also agrees with Bullock that AFAC's reliance on *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010), for the proposition that the amount in controversy is "measured by the value of the object of the litigation" is not particularly useful.  First, this Court does not seek to value a claim for injunctive relief in order to understand the amount in controversy as in *Cleveland Housing*, but even if the Court considers the amount recoverable in this instance, the object of the litigation as "stipulated" by Plaintiff, it is no more than $280/month, plus attorneys' fees and potential punitive damages.

---

R. Civ. P. 11(b), and he, too, would be subject to sanctions under subsection (c) if the factual contentions were without evidentiary support.

Further, while the Court should consider attorneys' fees and punitive damages in calculating the amount in controversy, the Court cannot conclude that these amounts so amplify the amount in controversy as to justify the exercise of jurisdiction by this Court. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007) (amount in controversy includes "not only the face value of the insurance contract, but also compensation awardable by law for mental anguish and . . . attorneys' fees"); *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) ("Statutory attorneys fees are also included in the amount in controversy."); *Pendergrass v. Time Ins. Co.*, No. 5:09-CV-00215-R, 2010 WL 989154, at *2 (W.D. Ky. March 12, 2010) ("[P]unitive damages must also be considered in determining the amount in controversy."). Accepting AFAC's invitation to estimate attorneys' fees at 50% of the disability benefit amount owed, that amount would be approximately $1,400 at the time of removal (and only slightly more at this point in the litigation). *See Carrollton Hospitality*, Civil No. 13-21-GFVT, 2013 WL 5934638, at *4 (noting that "[s]ome speculation is necessary when estimating legal fees," but holding that estimated attorneys' fees of close to 50% of the damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy) (citing *Pub. Funding Corp. v. Lawrence Cnty. Fiscal*

*Court*, 892 F.2d 80 (6th Cir. 1989)). Further, the Court considers that the amount of past-due benefits was $2,240 at the time of removal and it would take a multiplier of 30 to bring the amount of damages sought, when attorneys' fees and punitive damages are considered, even close to $75,000.

The Court concludes that AFAC has not satisfied its burden of proving by a preponderance of the evidence that removal was proper. *See* 28 U.S.C. § 1446(c)(2)(B); *Tankersley*, 33 F.Supp.3d at 776. This Court does not have jurisdiction of this matter under 28 U.S.C. § 1332(a), and the case will be remanded to the Powell Circuit Court.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion to Remand to Powell Circuit Court [DE 6] is **GRANTED**;

(2) that this action is **REMANDED** to Powell Circuit Court; and

(3) that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET**.

This the 3rd day of March, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge